UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

D. MICHAEL JEWETT,

    Plaintiff,

v.

IDT CORPORATION; HOWARD S. JONAS; MOTTI LICHTENSTEIN; JACK LERER; DAVID SCHROPFER; AVI LAZAR; ROBERT SCHIFF; MICHAEL LEVINE; JONATHAN LEVY; ALEX SCHWARZ; JAMES A. COURTER; JOYCE MASON; JOHN CATE; ADRIAN CORR; and MONT SALEM MANAGEMENT, LTD.,

    Defendants.

CIVIL ACTION NO. 04-1454 (JCL)
CIVIL ACTION NO. 04-4865 (JCL)

**ORDER**

---

**LIFLAND, District Judge**

On November 17, 2005, the Court heard oral argument on the motions to dismiss and other motions of Defendants IDT, the twelve individual IDT Defendants[1], Adrian Corr, and Mont Salem Management Ltd. The Court reserved decision on

---

[1] Howard S. Jonas, Motti Lichtenstein, Jack Lerer, David Schropfer, Avi Lazar, Robert Schiff, Michael Levine, Jonathan Levy, Alex Schwarz, James A. Courter, Joyce Mason, and John Cate.

whether Count Six of the Plaintiff's complaint, Intentional Infliction of Emotional Distress, should be dismissed pursuant to Defendant IDT's and the twelve individual IDT Defendants' motion to dismiss.

"To establish a viable claim of intentional infliction of emotional distress, a plaintiff must prove: (1) that defendant acted intentionally or recklessly; (2) that defendant's conduct was extreme and outrageous; (3) the defendant's actions were the proximate cause of the plaintiff's distress; and (4) the emotional distress suffered by the plaintiff was severe." Buckley v. Trenton Saving Fund Society, 111 N.J. 355, 366 (1988). Conduct is "extreme and outrageous" when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." Id.

Here, Defendants argue that the Plaintiff's allegation that he was wrongfully terminated as an act of retaliation does not and cannot rise to the level of extreme and outrageous conduct because "courts have consistently recognized that it is particularly difficult to establish intentional infliction of emotional distress in the employment context." Witherspoon v. Rent-A-Center, 173 F.Supp.2d 239, 242 (D.N.J. 2001) (citations omitted); (Transcript of Hearing (Tr.) at 86-7).  Although termination of employment, standing alone, generally does not constitute intentional infliction of emotional distress, where the termination is "accompanied or preceded

by harassing conduct" or something "quite a bit more" than the firing, dismissal at the 12(b)(6) or summary judgment stage is inappropriate.  See Borecki v. Eastern International Management Corp., 694 F.Supp. 47, 61 (D.N.J. 1988).  Given the early stage of this litigation, it is to early say that Defendants' conduct could never rise to the extreme and outrageous level required to prove an intentional infliction of emotional distress claim.

    The Defendants also take issue with the fourth element of the intentional infliction of emotional distress claim because they say that Plaintiff has failed to allege that he suffered any emotional distress.  (Tr. at 106)   This element requires a plaintiff to show that he suffered distress "so severe that no reasonable [person] could be expected to endure it."  Buckley, 111 N.J. at 366.   Here, Plaintiff's complaint alleges merely that he suffered distress "so severe that no reasonable person could be expected to endure such distress." (Amended Complaint ¶ 174)   The mere recitation of the legal standard is not sufficient to survive Defendants' motion to dismiss.  Therefore, Plaintiff must replead with specificity the emotional impact he suffered because of Defendants' conduct.   Defendants' motion to dismiss the intentional infliction of emotional distress claim will be granted unless Plaintiff provides the required amendment of his complaint within thirty days of this order.

    Accordingly, for the reasons above and on the record, it is on this 27th day of

December, 2005,

## AS TO CIVIL ACTION NO. 04-1454

**ORDERED** that Count One, New Jersey Anti-Racketeering Act, N.J.S. 2C:41-1 *et seq.* is dismissed with prejudice as to all Defendants because the Plaintiff lacks standing to bring this claim; and it is further

**ORDERED** that, as a result of the dismissal of Count One, Defendant Adrian Corr's Motion to Dismiss Count One of the Complaint under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) and Motion to Strike Portions of Plaintiff's Opposition to Defendant Corr's Motion to Dismiss Count One of the Complaint are moot; and it is further

**ORDERED** that Counts Two through Six of the Complaint against Mont Salem Management, Ltd. are voluntarily dismissed by the Plaintiff under Fed. R. Civ. P. 41; and it is further

**ORDERED** that, as a result of the dismissal of Count One and the voluntary dismissal of Counts Two through Six, Defendant Mont Salem Management's Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) and Motion to Strike Portions of Plaintiff's Opposition to Defendant Mont Salem's Motion to Dismiss the Complaint are moot; and it is further

**ORDERED** that Plaintiff's cross-motion for default judgment against Defendant Mont Salem Management is denied; and it is further

**ORDERED** that on Count Two, New Jersey Conscientious Employee Protection Act, N.J.S. 34:19-1 *et seq.*, IDT's motion to dismiss is

(a) Granted as to claims under N.J.S. 34:19-3(b) and denied as to claims under N.J.S. 34:19-3(a) and (c); and

(b) The motion to dismiss of the individual IDT Defendants is denied but limited discovery as to each individual's participation in the firing of the Plaintiff may proceed on the following terms:

(I) Plaintiff shall submit proposed interrogatories on this subject to Magistrate Judge Falk; and

(ii) Plaintiff shall narrowly draft the proposed interrogatories to explore the involvement of each individual IDT Defendant in the firing of Plaintiff; and

(iii) The interrogatories are limited to ten, including discrete subparts, for each individual IDT Defendant; and

(iv) Additional discovery against one or more of the individual IDT Defendants shall be at the discretion of Magistrate Judge Falk; and it is further

**ORDERED** that on Count Three, New Jersey's Law Against Discrimination, N.J.S. 10:5-1 *et seq.*, Defendant IDT's motion to dismiss is

 (a) Granted as to the issue of a hostile work environment based on religion; and

 (b) Denied as to the issue of retaliatory discharge based on religious discrimination. Plaintiff must make an election of remedies as a consequence of the CEPA waiver provision, N.J.S. 34:19-8, at a time to be set by Magistrate Judge Falk; and

  (i) Plaintiff shall submit proposed interrogatories on this subject to Magistrate Judge Falk; and

  (ii) Plaintiff shall narrowly draft the proposed interrogatories to explore the involvement of IDT and each individual IDT Defendant in the firing of Plaintiff on account of his alleged complaints about religious discrimination; and

  (iii) The interrogatories are limited to ten, including discrete subparts, for each individual IDT Defendant; and

  (iv) Additional discovery against IDT and one or more of the individual IDT Defendants shall be at the discretion of Magistrate Judge Falk; and it is further

**ORDERED** that on Count Four, Defamation, Defendant IDT's motion to dismiss is denied. Plaintiff must make an election of remedies, as a consequence of

the CEPA waiver provision, N.J.S. 34:19-8, at a time to be set by Magistrate Judge Falk; and it is further

**ORDERED** that on Count Five, Tortious Interference with Prospective Economic Advantage, Defendant IDT's motion to dismiss is granted; and it is further

**ORDERED** that on Count Six, Intentional Infliction of Emotional Distress, Plaintiff is to amend his complaint within thirty days of this order to specify the emotional distress he suffered as a result of Defendants' conduct. Defendant IDT and the twelve individual IDT Defendants' motion to dismiss will be granted unless Plaintiff sufficiently amends his complaint within 30 days of this order.

**ORDERED** that discovery on issues not addressed herein is subject to the discretion of Magistrate Judge Falk; and it is further

**ORDERED** that Defendants IDT and the twelve individual IDT Defendants shall file their Answer to the Second Amended Complaint within 20 days after the entry of this Order.

## AS TO CIVIL ACTION NO. 05-4865

**ORDERED** that Civil Action No. 05-4865 is dismissed; and it is further

## AS TO A SUPPLEMENTAL COMPLAINT

**ORDERED** that Plaintiff may file a supplemental complaint in Civil Action No.04-1454 pursuant to Fed. R. Civ. P. 15(d), alleging only those acts that occurred

after the filing of the amended complaint in Civil Action No. 04-1454; and it is further

    **ORDERED** that claims concerning the alleged conduct of defense counsel and/or in-house counsel for IDT during the course of defending this litigation shall be dealt with at the close of this action under Rule 11.  Plaintiff may not file an abuse of process claim in his supplemental complaint; and it is further

    **ORDERED** that if Plaintiff files a supplemental complaint, it must be filed within thirty days of the entry of this order; and it is further

**ORDERED** that IDT and the twelve individual IDT Defendants shall answer or otherwise move as to the supplemental complaint within thirty days of being served with the supplemental complaint.

    \s\   John C. Lifland, U.S.D.J.